Henderson, Chief-Justice
 

 Ordinarily, nothing' less than actual performance satisfies an engagement to do an act. But in acts which require the concurrence of both parties, if one party does all he can to perform his engagement, and the act remains undone, merely for the want of the concurrence of the other party, the party doing all in his power is entitled to the benefit of an actual performance. I speak not now of the
 
 semper paratus,
 
 and the
 
 profert hie in curia.
 
 They arc incidental to some, and not to all engagements. It must therefore be the non-concurrence of the other party
 
 *59
 
 Which discharges the defendant from the actual perform-anee. If one person is bound to pay money, or deliver a horse to another, and that other will not receive it
 
 when offered,
 
 the pai’ty making the offer is excused
 
 ex necessitate
 
 from an actual performance. As one party may by acts, such as a refusal to receive, prevent the other from performing, so he may, by words, discharge him ; as by saying, when a tender is about being made,
 
 is
 
 it is needless to offer, for I will not receive it,” or similar expressions. There, if performance was prevented by such declarations, it will be excused. But in order to this, an actual ability at the timé must appeal’. For otherwise, the performance was not' prevented by the declaration. In'this light it was viewed by the presiding judge. Therefore, there is no error in the case. The defendant was not
 
 hindered
 
 by the plaintiff.
 

 PER CuRIAM. — JUDGMENT awiumeb,